UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS DENNIS and<br>KAREN DENNIS,<br><br>  Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC. and OCWEN LOAN SERVICING LLC<br>d/b/a PHH MORTGAGE SERVICES,<br><br>  Defendants. | Civil Action No. 1:21-cv-20317<br><br>With Jury Demand Endorsed |

## **COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Thomas Dennis and Karen Dennis ("Plaintiffs"), by and through counsel, for their Complaint against Defendants, Experian Information Solutions, Inc., and PHH Mortgage Services, jointly, severally, and in solido, state as follows:

### I.   INTRODUCTION

1.  One of the Defendants is a consumer reporting agency ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Ocwen Loan Servicing d/b/a PHH Mortgage, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA").

### II.   PARTIES

2.  Plaintiffs are natural persons residing in the City of Herculaneum, County of Jefferson, and the State of Missouri. They are "consumers," as defined by the FCRA, 15 U.S.C.

1

§ 1681a(c) and victims of repeated false credit reporting.

**Made Defendants herein are**:

3. Upon information and belief, Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is an Ohio corporation with its principal place of business in California. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services which may also hereinafter be referred to as "Ocwen," "PHH," Ocwen/PHH," Ocwen d/b/a PHH," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a New Jersey corporation that does substantial business in this district and may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054. Ocwen d/b/a PHH is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit

reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III.   JURISDICTION AND VENUE

6.   Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331; 15 U.S.C. § 1681(p); 12 U.S.C. § 2614. Plaintiffs also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7.   Venue is proper in this district, because Defendants transact business in this district, PHH services the loan on behalf of Ocwen and PHH's headquarters are located in this district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the District of New Jersey. 28 U.S.C. § 1391.

8.   Venue is further proper in this District, because CRA Defendants entered into agreements with Ocwen in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff' disputes sent from the CRA Defendants as part of their reinvestigation was submitted by Plaintiff who resides in this judicial district.

### IV.   FACTUAL ALLEGATIONS

<u>Background Information for Plaintiffs' Ocwen d/b/a PHH Mortgage</u>

9.   In May 2009, Plaintiff's secured a mortgage for their property located at 1305 Westchester Drive, Herculaneum, MO 63048.

10. Upon information and belief, Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services acquired Plaintiffs' loan and assigned it loan number 954711080**** (hereinafter, "PHH Loan").

11. Plaintiff Thomas Dennis filed a Chapter 13 bankruptcy petition on September 16, 2015 and it was dismissed on September 28, 2020.

12. Plaintiff Karen Dennis filed a Chapter 13 bankruptcy petition on September 16, 2015 and it was dismissed on September 28, 2020.

13. A copy of Plaintiffs' bankruptcy filing is attached hereto as Exhibit "A".

14. Plaintiffs' amended Chapter 13 bankruptcy plan was confirmed on November 30, 2016.

15. A copy of Plaintiffs' amended Chapter 13 bankruptcy plan is attached hereto as Exhibit "B".

16. A copy of Plaintiffs' bankruptcy judge's Order of Confirmation for Chapter 13 Plan is attached hereto as Exhibit "C".

17. As part of Plaintiffs' amended Chapter 13 bankruptcy plan the arrears to the PHH loan were to be paid by and through the bankruptcy Trustee, and Plaintiffs were to directly pay PHH all the post-petition mortgage payments to the PHH loan. (*See Exhibit B*).

18. On September 24, 2020, Plaintiffs' Chapter 13 bankruptcy Trustee, Diana S. Daugherty, filed a Notice of Final Cure Payment regarding the arrears to the PHH loan being fully paid and/or satisfied by and through the bankruptcy Trustee's payments.

19. A copy of the Notice of Final Cure Payment is attached hereto as Exhibit "D".

20. Defendant PHH filed a Response to Notice of Final Cure Payment on October 12, 2020 and agreed that the Plaintiffs "paid in full the amount required to cure the prepetition default

on the [Plaintiffs'] claim", and stated Plaintiffs were "current with all postpetition payments" and the next postpetition payment was due on November 1, 2020.

21. A copy of Defendant PHH's the Response to Notice of Final Cure Payment is attached hereto as Exhibit "E".

22. Since filing for Chapter 13 bankruptcy and since the filings of the Notice of Final Cure Payment and Defendant PHH's Response to Notice of Final Cure Payment, Plaintiffs have made timely and regular payments, during and after their bankruptcy, and plan to continue to make timely and regular mortgage payments on their mortgage.

<u>Credit Reporting for Plaintiff Thomas Dennis</u>

23. Sometime in June 2021, Plaintiffs pulled their credit reports and noticed that inaccurate information was reporting.

24. Redacted copies of Plaintiff Thomas Dennis's June 2021 Tri-Merge Credit Report and Plaintiff Karen Dennis's June 2021 Tri-Merge Report are attached hereto as Exhibit "F" and "G" and are incorporated in by reference.

25. Within Plaintiff Thomas Dennis's June 2021 Tri-Merge Credit Report, Plaintiff Thomas Dennis noticed that Experian reported the following inaccuracies as they pertain to the PHH Mortgage loan tradeline: 1) the date of last activity was October 1, 2021; 2) the account status was "Open"; 3) the date of last payment was April 4, 2021; 4) and there were three (3) 30-day late payment notations, one (1) 60-day late payment notation, and nine (9) 90-day late payment notations. This reporting is incorrect because Plaintiff Thomas Dennis continued making the mortgage payments directly to PHH Mortgage during his Chapter 13 bankruptcy, Defendant PHH even stated Plaintiffs "paid in full the amount required to cure the prepetition default on the [Plaintiffs'] claim", and that Plaintiffs were "current with all postpetition payments" up until

November 1, 2020. (*See Exhibit E*). Plaintiff Thomas Dennis also continued making payments on the PHH Mortgage loan account because it was still open after the Chapter 13 bankruptcy was terminated.[1]

Credit Reporting for Plaintiff Karen Dennis

26. Sometime in June 2021, Plaintiffs pulled their credit reports and noticed that inaccurate information was reporting.

27. A redacted copy of Plaintiff Karen Dennis's June 2021 Tri-Merge Credit Report was previously attached hereto as Exhibit "G".

28. Within Plaintiff Karen Thomas's June 2021 Tri-Merge Credit Report, Plaintiff Karen Thomas noticed that Experian reported the following inaccuracies as they pertain to the PHH Mortgage loan tradeline: 1) the date of last activity was October 1, 2021; 2) the account status was "Open"; 3) the date of last payment was April 4, 2021; 4) and there were three (3) 30-day late payment notations, one (1) 60-day late payment notation, and nine (9) 90-day late payment notations. This reporting is incorrect because Plaintiff Karen Dennis continued making the mortgage payments directly to PHH Mortgage during her Chapter 13 bankruptcy, Defendant PHH even stated Plaintiffs "paid in full the amount required to cure the prepetition default on the [Plaintiffs'] claim", and that Plaintiffs were "current with all postpetition payments" up until November 1, 2020. (*See Exhibit E*). Plaintiff Karen Dennis also continued making payments on the PHH Mortgage loan account because it was still open after the Chapter 13 bankruptcy was terminated.[2]

---

[1] The Consumer Data Industry Association's Metro 2 reporting standards specifically instruct consumer reporting agencies to remove any suppression codes associated with bankruptcy reporting so that ongoing payments made by the consumer can be reported.
[2] The Consumer Data Industry Association's Metro 2 reporting standards specifically instruct

<u>Credit Reporting Dispute Letters and Reinvestigation Requests</u>

29. On or about July 2, 2021, Plaintiff Thomas Dennis disputed the reporting of the PHH loan with Experian. Plaintiff requested that under the FCRA, each CRA defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the PHH mortgage account.

30. On or about July 3, 2021 Plaintiff Karen Dennis disputed the reporting of the PHH loan account with Experian. Plaintiff requested that under the FCRA, each CRA defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the PHH mortgage account.

31. Within these dispute letters, Plaintiffs described in great detail the issues and the misreporting following their respective bankruptcies and enclosed copies of either their bankruptcy docket reports, trustee final reports, and/or discharge orders.

32. Redacted copies of Plaintiff Thomas Dennis's unsigned dispute letters to Experian are attached hereto as Exhibit "H" and incorporated by reference.

33. Redacted copies of Plaintiff Karen Dennis's unsigned dispute letters to Experian are attached hereto as Exhibit "I" and incorporated by reference.

34. Redacted copies of Plaintiff Thomas Dennis and Plaintiff Karen Dennis's USPS tracking receipts for the dispute letters are attached hereto as Exhibit "J" and incorporated by reference.

35. Experian never responded to Plaintiffs' dispute letters despite the USPS tracking receipt showing that Experian received the dispute letters on July 2, 2021. (*See Exhibit J*).

---

consumer reporting agencies to remove any suppression codes associated with bankruptcy reporting so that ongoing payments made by the consumer can be reported.

36. On or around September 1, 2021, Plaintiffs elected to obtain a new copy of their credit reports due to Experian's non-response to their June 2021 Dispute Letters.

37. A redacted copy of Plaintiff Thomas Dennis's September 1, 2021, Tri-Merge Credit Report that contained Plaintiff's Experian credit report is attached hereto as Exhibit "K".

38. A redacted copy of Plaintiff Karen Dennis's September 1, 2021, Tri-Merge Credit Report that contained Plaintiff's Experian credit report is attached hereto as Exhibit "L".

39. Within the September 1, 2021 Tri-Merge Credit Reports, Plaintiffs noticed that Experian did not make any of the requested changes. (*See Exhibits K and L*).

40. Metro 2 guidelines require furnishers and/or credit reporting agencies to update the reporting of an account when the borrower associated to the account files chapter 13 bankruptcy by first updating the Consumer Information Indicator ("CII") to "D", and then continuing to furnish the monthly payment history information with a value of "D". In following these simple Metro 2 guidelines, which are well regarded as the industry standards, it prevents the reporting of any late payment history during the pendency of a consumer's chapter 13 bankruptcy, and then continued reporting if a consumer is discharged.

41. Metro 2 guidelines have been adopted by Experian as the industry standards, and these industry standards are strictly followed by Experian.

42. Experian's response or lack of response was not the result of a reasonable investigation into Plaintiffs' disputes and failed to remedy the inaccuracies within the PHH tradeline and gave no explanation as to why it continued to inaccurately report the PHH Mortgage tradeline to Plaintiffs' Experian reports.

43. Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding

Plaintiffs' PHH Mortgage account.

44. Upon the Plaintiffs' request to Experian for verification and addition regarding the PHH mortgage account, Experian failed to perform any investigation or respond to Plaintiffs' disputes.

45. In the alternative and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence. Importantly, Experian failed to maintain procedures which would ensure that, if any investigation took place, it would provide Plaintiffs with a response communicating the results. Further, Experian did not make any attempt to substantially or reasonably verify the PHH mortgage.

46. In the alternative, and in accordance with Experian's standard procedures, Experian failed to contact PHH and therefore failed to perform any investigation at all

47. In the alternative to the allegation that Experian failed to contact PHH, it is alleged that Experian did forward some notice of the dispute to PHH, and PHH failed to conduct a lawful investigation.

48. On or about September 24, 2021, Plaintiff Thomas Dennis elected to again dispute the reporting of the PHH loan with Experian. Plaintiff requested that under the FCRA, Experian conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's Experian credit report concerning the PHH mortgage account.

49. On or about September 24, 2021 Plaintiff Karen Dennis also elected to again dispute the reporting of the PHH loan with Experian. Plaintiff requested that under the FCRA, Experian conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's Experian credit report concerning the PHH mortgage account.

50. Experian responded to Plaintiff Thomas Dennis's dispute on October 11, 2021.

51. A redacted copy of Experian's response to Plaintiff Thomas Dennis is attached hereto as Exhibit "M" and incorporated herein by reference.

52. Experian's response to Plaintiff Thomas Dennis stated, "outcome: Updated – Information on this item has been updated. Please review your report for the details."

53. Even though Experian's response said it updated the information, upon further review and pulling an updated credit report on November 5. 2021, it showed that no significant changes were made, and Experian continued to report the PHH mortgage loan account.

54. A redacted copy of Plaintiff Thomas Dennis's November 5, 2021 Tri-Merge Credit Report that contained Plaintiff's Experian credit report is attached hereto as Exhibit "N".

55. Experian responded to Plaintiff Karen Dennis's dispute on October 11, 2021.

56. A redacted copy of Experian's response to Plaintiff Karen Dennis is attached hereto as Exhibit "O" and incorporated herein by reference.

57. Experian's response to Plaintiff Karen Dennis stated, "Outcome: Updated – The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details."

58. Even though Experian's response said it updated the information, upon further review and pulling an updated credit report on November 5, 2021 it showed that no significant changes were made, and Experian continued to report the PHH mortgage loan account.

59. A redacted copy of Plaintiff Karen Dennis's November 5, 2021 Tri-Merge Credit Report that contained Plaintiff's Experian credit report is attached hereto as Exhibit "P".

60. Experian's response or lack of response was not the result of a reasonable investigation into Plaintiffs' disputes and failed to remedy the inaccuracies within the PHH tradeline and gave no explanation as to why it continued to inaccurately report the PHH Mortgage

tradeline to Plaintiff Thomas Dennis's Experian report and Plaintiff Karen Dennis's PHH Mortgage tradeline to her Experian report.

61. Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' PHH Mortgage account.

62. Upon the Plaintiffs' request to Experian for verification and addition regarding the PHH mortgage account, Experian failed to perform any investigation or respond to Plaintiffs' disputes.

63. In the alternative, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence. Importantly, Experian failed to maintain procedures which would ensure that, if any investigation took place, it would provide Plaintiffs with a response communicating the results. Further, Experian did not make any attempt to substantially or reasonably verify the PHH mortgage.

64. Experian has adopted the Metro 2 reporting standard, Experian deviated from the standard based on its conduct in this case, and by Experian deviating from the adopted standard, Experian injured Plaintiffs' credit standings and/or credit worthiness.

65. In the alternative, Experian failed to contact current furnisher Ocwen/PHH, therefore, failed to perform any investigation at all.

66. In the alternative to the allegation that Experian failed to contact current furnisher Ocwen/PHH, it is alleged that Experian did forward some notice of the dispute to Ocwen/PHH, and Ocwen/PHH failed to conduct a lawful investigation.

67. It is further alleged that Furnisher Defendant Ocwen/PHH has adopted the Metro 2 reporting standard and strictly adheres to these standards, which Furnisher Defendant

Ocwen/PHH deviated from the standard based on its conduct in this case, and by Furnisher Defendant Ocwen/PHH deviating from the adopted standard, Furnisher Defendant Ocwen/PHH injured Plaintiffs' credit standings and/or credit worthiness

## V.  GROUNDS FOR RELIEF

### COUNT I – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

68. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

69. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

70. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

71. Experian knew or should have known of Plaintiffs' bankruptcy status, history, and/or payment history were reporting inaccurately, and yet, Experian continued to prepare a patently false consumer reports concerning Plaintiffs.

72. Despite actual and implied knowledge that Plaintiffs' credit reports were and/or are not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

73. After Experian knew or should have known Plaintiffs' bankruptcy status, history, and/or payment history were inaccurate for Plaintiffs' PHH mortgage tradeline, it failed to make the corrections as would be required to attain "maximum possible accuracy of the information

concerning the individual about whom the report relates." 15 U.S.C. § 168le(b).

74. As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of potential and/or actual credit denials.

75. Experian's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

76. The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**COUNT II – EXPERIAN'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681i)**

77. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

78. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to update or correct inaccurate information in the Plaintiffs' credit files after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files and relying upon verification from a source it has reason to know is unreliable.

79. As a result of Experian's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance

goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

80. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

81. The Plaintiffs are entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – OCWEN/PHH'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

82. Defendant Ocwen/PHH violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

83. Ocwen/PHH further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Ocwen mortgage within Plaintiffs' credit files with Experian or any other credit reporting agency without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiffs' disputes of the PHH mortgage, failing to accurately respond to Experian or any other credit reporting agency, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of inaccurate information to the PHH mortgage within the consumer reporting agencies reports.

84. As a result of Ocwen/PHH's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, denial in Plaintiffs' attempt to refinance, loss in Plaintiff's

ability to finance goods, loss of credit, loss of the ability to purchase and benefit from credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of potential and/or actual credit denials.

85. Ocwen/PHH's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o

## VI. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

86. Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

87. Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA, and/or states' laws, including New Jersey.

88. Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA, and/or other laws.

89. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiffs.

90. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

91. Plaintiffs suffered a variety of damages, including economic and non-economic damages as prayed for herein.

92. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiffs.

93. Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiffs, Thomas Dennis and Karen Dennis, pray that this Honorable Court:

A. Enter Judgment in favor of Plaintiffs and against Defendants Experian Information Solutions and PHH Mortgage Services, Inc., jointly, severally, and in solido, for all reasonable damages sustained by Plaintiffs, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security

for Defendants' violations of the FCRA, applicable state law, and common law;

B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiffs;

C. Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D. Order that the CRA Defendant, Experian Information Solutions, Inc. and Furnisher Defendant, Ocwen d/b/a PHH Mortgage Services, Inc., work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs and/or any of Plaintiffs' personal identifiers.

E. Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

DATE: 12/02/2021               Respectfully submitted,

                                                  *s/ Gloria C. Lam*
                                                  Gloria C. Lam
                                                  NJ State Bar Number 286962018
                                                  FCRA-NJ@fieldslaw.com
                                                  **FIELDS LAW FIRM**
                                                  21 South 11th Street, Suite 520
                                                  Philadelphia, PA 19107
                                                  (612) 383-1868 (telephone)
                                                  (612) 370-4256 (fax)

                                                  COUNSEL FOR PLAINTIFFS

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

<u>12/02/2021</u>     <u>*s/ Gloria C. Lam*</u>
Date        Gloria C. Lam